**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND,
1800 Massachusetts Ave. NW, Suite 301
Washington, DC 20036-1202

and

WILLIAM DEPMSEY, RODERICK S. BASHIR, CHRISTOPHER BOUVIER, KEVIN J. DOYLE, DAVID A. STILWELL, THOMAS LaMARTINA, FRANK A. MAXSON, EDWARD J. MANKO, JOHN J. SHERIDAN, AND MYRIAM ESCAMILLA, TRUSTEES OF THE SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND,
1800 Massachusetts Ave., NW, Suite 301
Washington, DC 20036-1202

Plaintiffs,

v.

LTP GENERATIONS, LLC
d/b/a Oakgrove Springs Care Center
309 MacArthur Blvd.
Oakland, CA 94610

and

LTP HERITAGE, LLC
d/b/a Oakhill Springs Care Center
3466 Mt. Diablo Blvd., Ste C205
Lafayette, CA 94549

Defendants.

Case No: 1:17-cv-942

**Additional Required Service under 29 U.S.C. § 1132(h) to:**

**U.S. Department of Labor**
**Attn: Assistant Solicitor**
**for Plan Benefits Security**
**200 Constitution Ave., N.W.**
**Washington, DC 20002**

**U.S. Department of Treasury**
**Attn: Secretary of the Treasury**
**1500 Pennsylvania Avenue, NW**
**Washington, D.C. 20220**

**COMPLAINT UNDER ERISA FOR DELINQUENT CONTRIBUTIONS, INTEREST LIQUIDATED DAMAGES, ATTORNEYS FEES, AND COSTS**

**Introduction, Jurisdiction and Venue**

1. This is a civil action brought by an employee benefit plan, and by the Trustees of an employee benefit plan, pursuant to Sections 502(a)(3), (d)(1), (g)(2) and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2), and 1145 and Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), to collect unpaid collectively bargained contributions, interest, liquidated damages and supplemental contributions owed by the Defendants.

2. Jurisdiction is conferred upon this Court for delinquent benefit fund contributions and for violations of the collective bargaining agreement by Sections 502(e) and (f) of ERISA, 29 U.S.C. §§ 1132(e) and (f), and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). Jurisdiction also lies under 28 U.S.C. § 1331.

3. Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as the Service Employees International Union National Industry Pension Fund is administered in this District.

4. Pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h), a copy of this complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail on or about the date of filing.

**Parties**

5. Plaintiff Service Employees International Union National Industry Pension Fund

(the "SEIU Pension Fund," the "Pension Fund," or the "Fund"), is an employee pension benefit plan within the meaning of Sections 3(2), (3) of ERISA, 29 U.S.C. §§ 1002(2), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing pension benefits to eligible participants. The SEIU Pension Fund is, and at all times material herein, has been a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The SEIU Pension Fund is administered at 1800 Massachusetts Ave, N.W., Suite 301, Washington, D.C. 20036.

6. Plaintiff Trustees of the SEIU Pension Fund, William Dempsey, Roderick S. Bashir, Chris Bouvier, Kevin J. Doyle, David A. Stilwell, Thomas E. LaMartina, Frank A. Maxson, Edward J. Manko, John J. Sheridan, and Myriam Escamilla are the duly authorized Trustees of the SEIU Pension Fund whose duty it is to administer the SEIU Pension Fund for the benefit of the participants and beneficiaries of the SEIU Pension Fund. Plaintiff Trustees are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized and empowered to maintain this action.

7. Defendant LTP Generations, LLC d/b/a Oakgrove Springs Care Center ("LTP Generations") is an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), and (12), and Sections 2(2), (6), and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6), and (7).

8. Defendant LTP Generations is a limited liability company organized under the laws of the State of California with a mailing address of 309 MacArthur Boulevard, Oakland,

California 94610.

9. Defendant LTP Heritage, LLC d/b/a Oakhill Springs Care Center ("LTP Heritage") is an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), and (12), and Sections 2(2), (6), and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6), and (7).

10. Defendant LTP Heritage is a limited liability company organized under the laws of the State of California with a mailing address of 3466 Mount Diablo Boulevard, Suite C2015, Lafayette, California 94549.

11. Upon information and belief, Defendants LTP Generation and LTP Heritage are related business entities and constitute a control group under ERISA Section 3(40)(B), 29 U.S.C. § 1002(40)(B).

12. Upon information and belief, the Defendants share an interrelation of operations, common management, centralized control of labor relations, and common ownership. Specifically, upon information and belief:

a. Defendants collectively negotiated and executed their collective bargaining agreement with the Union and are collectively referred to as the "Employer" in the contract agreement;

b. the collective bargaining agreement was executed on behalf of both Defendants by Tony Perez, the owner of Defendants;

c. Defendants previously employed the same attorney to represent them in deals with the SEIU Pension Fund;

d. Defendants employ the same classification or similar classification of employees and perform the same type of work.

13. As a result, the Defendants are "alter egos" and should be treated as a single employer and are jointly and severally liable for each other's debts.

**Factual Background**

14. At all relevant times, United Healthcare Workers – West Service Employees International Union, CTW, CLC ("the Union") has been the exclusive collective bargaining agent for all full-time and regular part-time employees employed by LTP Generations and LTP Heritage, excluding Registered Nurses, Office-Clerical Employees, Activity Workers, Social Workers, and Supervisors and Administrative Personnel as defined by the Labor Management Relations Act of 1947 ("LMRA").

15. Defendants are party to a series of collective bargaining agreements with the Union for their employees working at Oakgrove Springs Care Center and Oakhill Springs Care Center. The collective bargaining agreement was initially effective for the period of April 5, 2012 through April 2, 2014 ("2012 CBA"). A true and complete copy of the 2012-2014 Agreement is attached as hereto Plaintiffs' Exhibit 1. The parties entered into a subsequent collective bargaining agreement effective for the period of April 3, 2014 through April 2, 2017 ("2014 CBA"). A true and complete copy of the 2014 CBA is attached as Exhibit 2. Section 39 of the 2014 CBA provides that the Agreement shall "remain in full force and effect through April 2, 2017, and from year to year thereafter, provided however, that either party may serve written notice on the other at least ninety (90) days prior to April 2, 2017, or any April 2 anniversary

date of its desire to cancel or amend any provisions hereof." Ex. 2, Section 39. Upon information and belief, neither party has served the required written notice and the 2014 CBA remains in full force and effect.

16. Pursuant to Section 515 of ERISA, 29 U.S.C. § 1145, employers who are obligated to make contributions to a multi-employer employee benefit plan must do so in accordance with the terms of the applicable collective bargaining agreement. Here, the Defendants agreed to become participating employers in the SEIU Pension Fund through the term of the 2012 and 2014 CBAs, including any extensions. See Exs. 1 & 2, Section 16(B).

17. Under Section 16 of the 2012 and 2014 CBAs, LTP Generations and LTP Heritage agreed to pay pension contributions in the amount of $0.35 per hour for every covered employee that has been employed by the Defendants for at least ninety (90) days. Exs. 1 & 2, Section 16(C). These contributions were required to be made to the SEIU Pension Fund on or before the fifteenth (15th) day of the month following the month for which contributions are due and with a remittance report containing all information required by the Fund. Ex. 1 & 2, Section 16(C).

18. Pursuant to Section 16(D) of the 2012 and 2014 CBAs, Defendants also agreed to be bound by the SEIU Pension Fund's Agreement and Declaration of Trust ("Trust Agreement"). See Exs. 1 & 2, Section 16(D). A true and complete copy of the Trust Agreement is attached as Plaintiffs' Exhibit 3. Pursuant to Section 3.1 of the Trust Agreement, the Trustees are empowered to create and enforce a collection policy for the assessment of unpaid and delinquent contributions. See Exhibit 3, Section 3.1. Accordingly, Defendants are obligated to remit

contributions to the SEIU Pension Fund in accordance with the collection policies adopted by the Trustees. A true and correct copy of the Statement of Policy for Collection of Delinquent Contributions ("Collection Policy") is attached as Plaintiffs' Exhibit 4.

19. At all relevant times, Section 3.1 of the SEIU Pension Fund's Trust Agreement has provided that an employer must submit complete remittance reports to the SEIU Pension Fund with the employer's contributions. The remittance report must contain the names of each covered employee and the number of compensable hours for each employee during the reporting month. Ex. 3, Sec. 3.1.

20. Section 2 of the Collections Policy states that "[i]f the Fund Office has not received the proper remittance reports to determine the amounts owed by the Employer, the Fund Office shall estimate the contributions due based on the most recent contributions remitted to the Fund and the Employer shall be deemed delinquent in its contributions in that amount, as a minimum, in any subsequent legal action." Ex. 4, Section 2.

21. Section 4 of SEIU Pension Fund's Trust Agreement and Section 5 of the Collections Policy both provide that the SEIU Pension Fund may audit any contributing employer for the purpose of ensuring that such employer has remitted the appropriate amount of contributions to the Pension Fund. Ex. 3, Sec. 4; Ex. 4, Sec. 5.

22. Section 3.2 of the Trust Agreement and Section 5 of the Collections Policy provide that an employer delinquent in its contribution obligations to the SEIU Pension Fund is liable for interest at the rate of ten percent (10%) per annum, liquidated damages equal to the greater of twenty percent (20%) (after the commencement of legal action) of the underlying

contributions owed or the interest due, and attorneys' fees and costs. Ex. 3, Sec. 3.2; Ex. 4, Sec. 5.

23. Pursuant to the Pension Protection Act of 2006, 29 U.S.C. § 1081 *et. seq*. ("PPA"), the SEIU Pension Fund was determined to be in critical status for the plan years beginning January 1, 2008, January 1, 2010, January 1, 2011, January 1, 2012, January 1, 2013, January 1, 2014, January 1, 2015, and January 1, 2016. Participating employers in the Fund were notified of this status via letters sent April 30, 2009, April 30, 2010, April 30, 2011, April 30, 2012, April 30, 2013, April 28, 2014, April 28, 2015 and April 28, 2016. True and complete copies of these letters are attached as Plaintiffs' Exhibit 5.

24. For plans in critical status, the PPA requires that all contributing employers pay to the plan a surcharge to help correct its financial situation. The amount of the surcharge is equal to a percentage of the amount an employer is otherwise required to contribute to the plan. For the SEIU Pension Fund, a five percent (5%) surcharge was applicable in the initial critical year (2009), and a ten percent (10%) surcharge was applicable in 2010 and for each succeeding plan year thereafter in which the plan is in critical status, until the bargaining parties agree to a collective bargaining agreement that implements the supplemental contribution schedules in the Rehabilitation Plan adopted by the SEIU Pension Fund or the Default Schedule is imposed on the participating employer. Participating employers were notified of the Rehabilitation Plan adopted by the SEIU Pension Fund in November 2009. A true and complete copy of this letter is attached as Plaintiffs' Exhibit 6. Pursuant to the Pension Protection Act, as codified in Section 305(e)(7)(B) of ERISA, any failure to make a surcharge payment shall be treated as a delinquent

contribution under Section 515 and shall be enforceable as such. See 29 U.S.C. §§ 1085(e)(7)(B), 1145.

25. Pursuant to the Rehabilitation Plan, Defendants were required to pay surcharges effective January 1, 2009. Accordingly, Defendants owed surcharges in the amount of 5% of all contributions owed from January 1, 2009 through December 31, 2009. From January 1, 2010 to December 31, 2011, Defendants were obligated to pay PPA surcharges in the amount of 10% of all owed contributions. Pursuant to the Rehabilitation Plan, Defendants were placed in the Default Schedule in 2012 and therefore are obligated to pay PPA surcharges of 47.4% beginning in 2012 and 62.5% for every year thereafter.

26. Defendants have failed to remit certain contractually required reports and contributions and have failed to pay certain interest charges, liquidated damages, and PPA supplemental contributions owed to the SEIU Pension Fund.

27. Further, in March 2016, the SEIU Pension Fund conducted payroll audits of Defendants for the period of 2012 through 2013. The audits revealed that the Defendants owe additional contributions, interest, and liquidated damages to the SEIU Pension Fund. While contributions remain unpaid, interest continues to accrue on these delinquent contributions and audit fees have been assessed pursuant to the Fund's governing documents. True and complete copies of the audits are attached as Plaintiffs' Exhibits 7 and 8.

**28.** The Defendants' continued failure to submit contributions have caused irreparable harm to the plan participants in the form of loss of earnings and expenses of the SEIU Pension Fund, endangered the eligibility of covered members' pension benefits, and other harm.

Defendants' refusal to live up to their obligations creates an atmosphere in the industry that encourages other employers to do the same.

**COUNT I**

**LTP Generations d/b/a Oakgrove Springs Care Center**

29. Plaintiffs reallege and incorporate Paragraphs 1 through 28.

30. This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145.

31. Defendant LTP Generations is obligated, pursuant to the 2012 and 2014 CBAs, to provide remittance reports and contributions to the SEIU Pension Fund on behalf of its covered employees. LTP Generations has failed and refused to fulfill its contractual obligations and owes reports and contributions (including PPA supplemental contributions) for certain months from February 2013 through the present. LTP Generation's failure to timely submit reports and contributions has resulted in the assessment of interest and liquidated damages pursuant to ERISA and the Fund's governing documents.

32. Specifically, LTP Generations failed to submit remittance reports for the period of January 2014 through the present. Because these reports have not been submitted, the amount of money due to the Fund for these months is unknown and cannot be ascertained without an accounting of the number of compensable hours for each employee of LTP Generations during the reporting month.

33. In accordance with the Fund's Collections Policy, the Fund estimated the contributions owed for the period of January 2014 through the present based on the hours

reported for December 2013. Using the estimated hours, LTP Generations owes $38,113.26 in contributions (including PPA supplemental contributions), $13,729.60 in interest, and $15,327.41 in liquidated damages for the period of February 2013 through April 2017.

34. Additionally, pursuant to the Trust Agreement, the Fund conducted a payroll audit of LTP Generations for the period of 2012 through 2013. The audit revealed that LTP Generations underreported the hours worked by its covered employees for a number of months in 2012 and 2013. As a result, LTP Generations owes additional contributions in the amount of $25,214.00, interest in the amount of $11,852.58 (through April 4, 2016), $7,757.40 in liquidated damages (calculated at the 20% litigation rate), a testing fee in the amount of $1,075.90 and $13,572.98 in PPA supplemental contributions for the calendar years 2012 and 2013. Interest continues to accrue on these amounts from the date due until the date payment is actually received by the Fund.

35. In total, LTP Generations owes $126,643.14 in contributions (including PPA supplemental contributions), interest, and liquidated damages for the period of January 2012 through April 2017. Interest continues to accrue on all unpaid amounts until the date that they are actually received by the Fund.

36. Prior to commencing this lawsuit, the SEIU Pension Fund sent several letters and attempted to contact the LTP Generations in efforts to obtain the outstanding contributions, interest, liquidated damages and PPA surcharges from the Defendant. LTP Generations continues to refuse to make payment on the amounts due. There is little prospect that, lacking judicial compulsion, LTP Generations will satisfy its obligations to the SEIU Pension Fund, and

pay the delinquent and unpaid contributions, liquidated damages and interest due to the SEIU Pension Fund.

37. Under Section 502(g) of ERISA, Plaintiffs are entitled to recover all costs of this action from LTP Generations, including reasonable attorneys' fees and court costs.

38. As alter egos, Defendants LTP Generations and LTP Heritage are jointly and severally liable for the remittance reports and amounts owed by LTP Generations pursuant to the CBA, ERISA, and the Fund's governing documents.

**WHEREFORE**, Plaintiffs respectfully request that the Court:

1. Declare that Defendants are delinquent in remitting owed contributions, interest, liquidated damages, and PPA supplemental contributions to the SEIU Pension Fund pursuant to the CBA;

2. Declare that Defendants are delinquent in submitting remittance reports for LTP Generations for the period of January 2014 through April 2017 and order Defendants to remit all unpaid contributions and resulting interest and liquidated damages corresponding to those outstanding reports;

3. Enter judgment against Defendants, jointly and severally, in the amount of $59,472.86 pursuant to the audit conducted for the calendar years 2012 and 2013;

4. Enter judgment against Defendants, jointly and severally, in the amount of $67,170.28 in unpaid contributions (including PPA supplemental contributions), interest, and liquidated damages for the period of February 2013 through April 2017;

5. Enter judgment against Defendants, jointly and severally, for all amounts that

become due and owing from Defendants to Plaintiffs during the pendency of this litigation;

6. Enter judgment for Plaintiffs against Defendants for attorneys' fees and costs, as required by the CBA, the Trust Agreement, and Section 502(g) of ERISA;

7. Retain jurisdiction in this case pending compliance with its Order; and

8. Grant such relief as the Court may deem appropriate.

**COUNT II**

**LTP Heritage d/b/a Oakhill Springs Care Center**

39. Plaintiffs reallege and incorporate Paragraphs 1 through 38.

40. This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145.

41. Defendant LTP Heritage is obligated, pursuant to the 2012 and 2014 CBAs, to provide remittance reports and contributions to the SEIU Pension Fund on behalf of its covered employees. LTP Heritage has failed and refused to fulfill its contractual obligations and owes reports and contributions (including PPA supplemental contributions) for certain months from February 2013 through the present. LTP Heritage's failure to timely submit reports and contributions has resulted in the assessment of interest and liquidated damages pursuant to ERISA and the Fund's governing documents.

42. Specifically, LTP Heritage failed to submit remittance reports for the period of January 2014 through the present. Because these reports have not been submitted, the amount of money due to the Fund for these months is unknown and cannot be ascertained without an accounting of the number of compensable hours for each employee of LTP Heritage during the

reporting month.

43. In accordance with the Fund's Collections Policy, the Fund estimated the contributions owed for the period of January 2014 through April 2017 based on the hours reported for December 2013. Using the estimated hours, LTP Heritage owes $59,916.04 in contributions (including PPA supplemental contributions), $16,682.50 in interest, and $18,550.96 in liquidated damages for the period of February 2013 through April 2017.

44. Additionally, pursuant to the Trust Agreement, the Fund conducted a payroll audit of LTP Heritage for the period of 2012 through 2013. The audit revealed that LTP Heritage underreported the hours worked by its covered employees for a number of months in 2012 and 2013. As a result, LTP Heritage owes additional contributions in the amount of $24,122.26, interest in the amount of $11,309.42 (through April 4, 2016), $7,425.01 in liquidated damages (calculated at the 20% litigation rate), a testing fee in the amount of $1,075.90 and $13,002.78 in PPA supplemental contributions for the calendar years 2012 and 2013. Interest continues to accrue on these amounts from the date due until the date payment is actually received by the Fund.

45. In total, LTP Generations owes $152,084.87 in contributions (including PPA supplemental contributions), interest, and liquidated damages for the period of January 2012 through April 2017. Interest continues to accrue on all unpaid amounts until the date that they are actually received by the Fund.

46. Prior to commencing this lawsuit, the SEIU Pension Fund sent several letters and attempted to contact LTP Heritage in efforts to obtain the outstanding contributions, interest,

liquidated damages and PPA surcharges from the Defendant. LTP Heritage continues to refuse to make payment on the amounts due. There is little prospect that, lacking judicial compulsion, LTP Heritage will satisfy its obligations to the SEIU Pension Fund, and pay the delinquent and unpaid contributions, liquidated damages and interest due to the SEIU Pension Fund.

47. Under Section 502(g) of ERISA, Plaintiffs are entitled to recover all costs of this action from Defendant, including reasonable attorneys' fees and court costs.

48. As alter egos, Defendants LTP Generations and LTP Heritage are jointly and severally liable for the remittance reports and amounts owed by LTP Heritage pursuant to the CBA, ERISA, and the Fund's governing documents.

**WHEREFORE**, Plaintiffs respectfully request that the Court:

1. Declare that Defendants are delinquent in remitting owed contributions, interest, liquidated damages, and PPA supplemental contributions to the SEIU Pension Fund pursuant to the CBA;

2. Declare that Defendants are delinquent in submitting remittance reports for LTP Heritage for the period of January 2014 through April 2017 and order Defendants to remit all unpaid contributions and resulting interest and liquidated damages corresponding to those outstanding reports;

3. Enter judgment against Defendants, jointly and severally, in the amount of $56,935.37 pursuant to the audit conducted for the calendar years 2012 and 2013;

4. Enter judgment against Defendants, jointly and severally, in the amount of $95,149.50 in unpaid contributions (including PPA supplemental contributions), interest, and

liquidated damages for the period of February 2013 through April 2017;

5. Enter judgment for all amounts that become due and owing from Defendants to Plaintiffs during the pendency of this litigation;

6. Enter judgment for Plaintiffs against Defendants for attorneys' fees and costs, as required by the CBA, the Trust Agreement, and Section 502(g) of ERISA;

7. Retain jurisdiction in this case pending compliance with its Order; and

8. Grant such relief as the Court may deem appropriate.

Respectfully Submitted,

/s/ Olga M. Thall

Olga M. Thall, DC Bar No. 1016248
Mooney, Green, Saindon, Murphy & Welch, P.C.
1920 L Street, NW, Suite 400
Washington, D.C. 20036
(202) 783-0010
(202) 783-6088 Facsimile
ometelitsa@mooneygreen.com
*Counsel for the Plaintiffs*

Dated: May 18, 2017

**CERTIFICATE OF SERVICE UNDER 29 U.S.C. § 1132(h)**

I hereby certify that on this 18th day of May 2017, a true and correct copy of the foregoing COMPLAINT UNDER ERISA FOR CONTRIBUTION, INTEREST, LIQUIDATED DAMAGES, ATTORNEYS FEES, AND COSTS was served via certified mail on:

U.S. Department of Labor
Attn: Assistant Solicitor for Plan Benefits Security
200 Constitution Ave., N.W.
Washington, DC 20002

U.S. Department of Treasury
Attn: Secretary of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

__/s/ Olga M. Thall____
Olga M. Thall